I agree with the majority that this case should not have been dismissed. However, I respectfully dissent from the main opinion's affirmance of the trial court's order compelling arbitration in this case. I believe that the only agreement in this case that should be considered in determining whether arbitration should be granted is the Purchase Agreement between Milton Lewis and Lawrence Oakley, *Page 331 
because that agreement is the basis for Lewis's action. That agreement contains a merger clause that should preclude consideration of the Form U-4 on the issue of arbitrability. However, even if the Form U-4 is included as part of the agreement between the parties, I disagree with the conclusion that the agreement permits arbitration of disputes between these parties, per my dissent in Selma Medical Center, Inc. v. Fontenot,824 So.2d 668 (Ala. 2001), because of the continued misapplication of the "substantial-effect" test to arbitration cases. Moreover, the Purchase Agreement does not contain an arbitration clause; that fact provides the clearest indication that there was no intention by the parties to have any disputes pertaining to the agreement determined through arbitration. For these reasons, I must dissent from the affirmance of the order to compel arbitration.
Because I believe that the motion to compel arbitration should not have been granted in this case, I agree with the majority that the case should not have been dismissed, but for a different reason. Therefore, I concur in the result insofar as it reverses the trial court's dismissal of this case.